UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNY RUBIN; DEBORAH RUBIN; DANIEL
MILLER; ABRAHAM MENDELSON; STUART E.
HERSCH; RENAY FRYM; NOAM ROZENMAN;
ELENA ROSENMAN; and TZVI ROZENMAN

        Plaintiffs-Judgment Creditors,

v.                                                          Case No. 05-71387
                                                        Honorable Victoria A. Roberts

THE ISLAMIC REPUBLIC OF IRAN (a/k/a Iran, The
Republic of Iran, Republic of Iran, The Government of
Iran, Iranian Government, and Imperial Government of
Iran); THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY; AYATOLLAH
ALI HOSEINI KHAMENEI; ALI AKBAR
HASHEMI-RAFSANJANI and ALI FALLAHIAN-
KHUZESTANI,

        Defendants-Judgment Debtors,

v.

BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN
a/k/a THE REGENTS FOR THE UNIVERSITY OF MICHIGAN;
UNIVERSITY OF MICHIGAN; THE UNIVERSITY MUSEUM OF
ART; KELSEY MUSEUM OF ARCHAEOLOGY; and THE
DETROIT INSTITUTE OF ARTS,

        Trustee Process Defendants.
_____

**CORRECTED ORDER GRANTING VOLUNTARY DISMISSAL**

      This matter is before the Court on Plaintiffs' Notice of Withdrawal of Trustee

Process, filed on November 17, 2005.  The Plaintiffs seek to voluntarily dismiss their

motion for attachment against the Trustee Process Defendants, without prejudice.

1

This is an action for attachment. The Plaintiffs sought to partially satisfy a judgment against the Islamic Republic of Iran by seizing antiquities, allegedly belonging to Iran, in the possession of the Trustee Process Defendants. The Plaintiffs now seek to dismiss the action pending resolution of similar litigation in Boston and Chicago.

The Court reviewed the Plaintiffs' Notice, the Defendant Detroit Institute of Arts' ("DIA") Response and the Plaintiffs' Reply. The Plaintiffs are entitled to dismiss the action, pursuant to Federal Rule of Civil Procedure 41(a). The DIA asks for costs or attorney fees either now, or as a condition of filing a new suit. However, no Defendant filed a motion for summary judgment, as is required to trigger dismissal by order of the court.[1] The Court must grant the Plaintiffs' dismissal unconditionally. Therefore, the Court **GRANTS** Plaintiffs voluntary dismissal, without prejudice.

**IT IS SO ORDERED.**

  /s/ Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated: February 17, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 17, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**

---

[1] A motion to dismiss may not be treated as a motion for summary judgment for purposes of FRCP 41(a). *Aamot v. Kassel*, 1 F.3d 441 (6th Cir. 1993).